UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CONSTITUTION PIPELINE COMPANY, LLC,** : | |
| : | **CIVIL ACTION NO. 3:14-2445** |
| **Plaintiff** : | |
| : | **(JUDGE MANNION)** |
| v. : | |
| **A PERMANENT EASEMENT FOR 1.92 ACRES, AND TEMPORARY EASEMENTS FOR 3.20 ACRES, IN OAKLAND TOWNSHIP, SUSQUEHANNA COUNTY, PENNSYLVANIA, TAX PARCEL NUMBER 074.00-1,020.00,000, MARYBETH DEWITT, ET AL.,** : | |
| **Defendants** : | |

**MEMORANDUM**

**I.  Introduction**

Presently before the court is a Motion for Partial Summary Judgment (Doc. 10) and an Emergency Motion for Preliminary Injunction for Possession of Rights of Way (Doc. 13) filed by the Plaintiff, Constitution Pipeline. After considering the hearing testimony, opposing briefs on the issues of "quick take" and good faith appraisals, this court will **GRANT** both motions.

## II. Background

On December 2, 2014, the Federal Energy Regulatory Commission ("FERC") granted a certificate of public convenience and necessity to Constitution Pipeline Company for the project. (Doc. 1)

On December 29, 2014, Constitution filed a Verified Complaint in Condemnation of Property against the defendants pursuant to Federal Rule of Civil Procedure 71.1. (Doc. 1).

On January 16, 2015, Constitution filed a Motion for Partial Summary Judgment and a corresponding Memorandum of Law. (Doc. 10 & 12). That same day, Constitution filed an Emergency Motion for Preliminary Injunction and a corresponding Memorandum of Law. (Doc. 13 & 14).

On February 13, 2015, a hearing was held before this court regarding these two motions. That same day, the court issued an order allowing: (1) the plaintiff to submit a Reply Brief to the defendant's Brief in Opposition to the Motion for Partial Summary Judgment and the Brief in Opposition to the Emergency Motion for Preliminary Injunction by February 17, 2015; (2) the defendant to submit briefs on "quick take," any request for additional hearing, and what, if any, implications a good faith appraisal/offer has on the plaintiff's right to take property by February 17, 2015; (3) the plaintiff to submit a

response to this brief by February 20, 2015; and (4) the defendant to submit a reply to the response by February 24, 2015. (Doc. 23)

On February 17, 2015, the defendant submitted a Brief in Opposition to the motions. (Doc. 24). On February 20, 2015, the plaintiff submitted a corresponding Reply Brief. (Doc. 26).

### III.   Legal Standard

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Cas. & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the

matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an

4

element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman-La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007).

In order to determine whether a party is entitled to a preliminary injunction, the court must consider: "(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting preliminary relief will be in the public interest." Columbia Gas Transmission, LLC v. 1.01 Acres, 768 F.3d 300, 315 (2014) (quoting Am. Express Travel Related Servs. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012). "[O]nce a district court determines that a gas company has the substantive right to condemn property under the NGA, the court may exercise equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction." E. Tenn. Natural Gas Co. v. Sage, 361 F.3d 808, 828 (4th Cir. 2004). Although "[e]quity...may not be used to create new substantive rights...when a substantive right exists, an equitable remedy

5

may be fashioned to give effect to that right if the prescribed legal remedies are inadequate." *Id.* at 823. The court in Sage explained with regard to compensation that "the Constitution 'does not provide or require that compensation be paid in advance of the occupancy of the land to be taken. But the owner is entitled to reasonable, certain, and adequate provision for obtaining compensation before his occupancy is disturbed,'" *Id.* at 824 (quoting Cherokee Nation v. S. Kan. Ry. Co., 135 U.S. 641, 659 (1890)).

## IV.   Discussion

### A.   Quick take power

The defendant argues that the Natural Gas Act ("NGA") does not allow for "quick take" powers. (Doc. 24). In supporting this argument, the defendant quotes the 9th Circuit: "All courts examining the issue have agreed that the NGA does not authorize quick take power, nor can it be implied, because eminent domain statutes are strictly construed to exclude those rights not expressly granted." Transwestern Pipeline Co. v. 1719 Acres of Property located in Maricopa County, 550 F.3d 770 (9th Cir. 2008) (quoting Humphries v. Williams Nat'l Gas Co., 48 F.Supp.2d 1276, 1281 (D. Kan. 1999)). The defendant acknowledges, however, that the controlling Third Circuit case,

Columbia Gas, 768 F.3d 300 (1014), remanded the matter to the district court for the entry of preliminary injunctions. The defendant contends, however, that the court did not consider the issue of "quick take" authority in the NGA, and urges this court to use this opportunity to make a determination on this issue. (Doc. 24, p. 3).

The Columbia Gas case makes it clear a district court is well within its power to grant possession through an injunction if the right to condemn has already been established. Here, the right of Constitution to access the land is no longer in question. As such, this court is bound by the unambiguous and controlling precedent as to whether to grant injunctive relief.

We see an analogous case in Sage in that once the right to easements has been established "it was proper for the district court to consider ETNG's...requests for preliminary injunctions granting immediate possession," as it is "appropriate to grant intermediate relief of the same character as that which may be granted finally.'" 361 F.3d at 823 (quoting DeBeers Consol. Mines, Ltd. v. United States, 325 U.S. 212, 220 (1945)). The court went further to explain that: "Congress has never given any indication that it disapproves of this procedure. Indeed, because Congress has not acted to restrict the availability of Rule 65(a)'s equitable (injunctive) remedy in an NGA

7

condemnation, we conclude that the rule applies." *Id.* at 824 (citing Mitchell v. Robert De Mario Jewelry, Inc., 361 U.S. 288, 291 (1960).

The court agrees with the plaintiff that there is no split in the Circuit Courts on the issue of whether courts may exercise equitable powers once a right to condemn has been established. The defendant conflates "quick take" with the equitable remedy sought here. As described in Sage, in order for a court to grant immediate possession, as here, there must be a judicial review prior to the take as well as an injunction procedure.  These protections strike a marked difference between the equitable remedy at issue here and "quick-take," through which title passes immediately to the government upon the filing of the declaration of taking and the estimated amount of compensation is deposited with the court. See Sage, 361 F.3d at 822.

**B.    Excessive Taking**

The defendant argues that the taking at issue is not in accordance with the fundamental principle of eminent domain law that the condemner may only take property interest which is necessary to achieve the particular public purpose. Specifically, this condemnation prohibits the property owner from making any use of the permanent easement as a road without written

8

authorization. The defendant further contends that the FERC Certificate did not include the authority to condemn for this particular property right. (Doc. 24, p. 4). He acknowledges that some road uses, i.e., heavy trucks, may create safety concerns, but suggests that the condemnation should be more narrowly tailored to serve that particular purpose. (Doc. 24, p. 5). There is also a general dispute as to whether the restraint is needed at all.

The plaintiff argues that permanent easement "simply requires the written consent of Constitution prior to using any part of the permanent easement as a road." (Doc. 1, ¶ 1(f)). The plaintiff explains that the addition of this requirement allows Constitution to analyze any proposed impact on the pipeline in accordance with 29 C.F.R. §192.317(a), which requires the pipeline operator to "take all practicable steps to protect each transmission line...from...hazards that may cause the pipeline to move or sustain abnormal loads." The court agrees that this restriction is reasonable, particularly in light of this statutory requirement.

**C.    Negotiations**

Finally, the defendant argues that the negotiations surrounding the condemnation did not occur in good faith. The defendant claims that Richard

9

Drzewiecki, who was hired by the plaintiff to conduct appraisals, used a "subjective calculation to entirely discount the loss of the value of the home" and inserted a "50 foot arbitrary buffer[, which] appears to have been selected intentionally and in bad faith so as to severely compromise the opinion of the damages." (Doc. 24, p. 6).

We agree with the plaintiff, however, that this is an issue of damages, which is not at issue here. Further, the NGA contains no good faith requirement, and, even if it did, the defendants disagreement with the valuation of an independent appraiser does not constitute bad faith. *See* 15 U.S.C. §71(h). The defendant cites a series of cases on this issue, but has failed to cite a case in which a court held a pipeline company did not have a right to condemn a property based on the failure to negotiate in good faith. Thus, the court finds that a good faith requirement is not imposed by the NGA, and, even if it were, there is no evidence that a breach of this requirement is present here.

## V.   Conclusion

It is for the foregoing reasons that the court **GRANTS** both the Motion for Partial Summary Judgment and the Motion for Preliminary Injunction. An

appropriate order shall follow.

          s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Date: March 17, 2015
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-2445-01.wpd